STATE of Tennessee, Appellee,

v.

Donald Eugene FERGUSON, Appellant.

No. 891.

Court of Criminal Appeals of Tennessee, at Knoxville.

Aug. 27, 1985.

Permission to Appeal Denied by Supreme Court Nov. 25, 1985.

Charles P. Dupree, Alf R. O'Rear, Chattanooga, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Robin J. Mitchell, Asst. Atty. Gen., Nashville, Frank M. Groves, Jr. and Jerry S. Sloan, Asst. Dist. Attys. Gen., Chattanooga, for appellee.

## OPINION

CORNELIUS, Judge.

Donald Eugene Ferguson appeals from the judgment of the trial court approving a jury's verdict finding him guilty of feloniously using a minor for obscene purposes. See T.C.A. § 39-6-1137. The trial court fixed his punishment, as a standard offender, at four years in the custody of the Department of Corrections.

On appeal, appellant presents five issues for review. Issues one, two and four attack the validity of a search warrant and the testimony derived therefrom. Issue three alleges that irrelevant pictures and tapes were exhibited to the jury. Issue number five asserts that the assistant district attorney argued outside the record. For the reasons hereafter set forth, the judgment of the trial court is affirmed.

■ The trial court found, at a proceeding only passingly referred to in this record, that the search warrant issued for appellant's place of business was valid. The affidavit alleged that Detective Parham had information that the defendant had forged T-shirts in "a two story, white concrete building doing business as T-Shirts Specialist, located at 2913 Cummings Highway located in Hamilton County, Tennessee." The warrant contained the following provision: "Proof having been made before me and reduced to writing and sworn to by Detective Roy Parham, whose affidavit is attached hereto and is hereby referred to for its contents incorporated herein ..." The warrant, by its incorporation of the affidavit, reasonably described the object of the search as forged T-shirts. Reference to "stolen property" was surplusage. The trial court's ruling on the search warrant was correct. *See O'Brien v. State*, 158 Tenn. 400, 14 S.W.2d 51 (1929); *Ellison v. State*, 186 Tenn. 581, 212 S.W.2d 387, 388 (1948).

After the jury was selected, the trial court conducted a jury-out hearing on the admissibility of a large number of obscene photographs and video tapes confiscated by Detective Parham during the course of executing the search warrant. Parham testified that while looking for T-shirts and the printing screens the officers "began seeing various types of nude photographs lying around. There was one room with a mattress on the floor, video equipment, TV, lights, cameras, photographs laying there, and folders, in plain view in this one room." Again, while looking for printing screens he found a large selection of photographs of nude men and women in various poses in

bed. Also, he testified, "I believe Miss Epperson's was lying on a book—a night stand sort of thing, small table here in the photo, area where the camera, mattress, and items were there. We found—in fact, this one picture was found as is with several slides, and we had the slides developed into these large ones here." Parham testified that at the time he executed the search warrant he was "aware of Chrissie Epperson."

■ After this second hearing, the trial court ruled in effect that Detective Parham was lawfully on the premises and inadvertently came upon the exhibits in plain view. Upon recognizing Chrissie Epperson's photograph and slides in the surroundings described, Parham had probable cause to believe a felony had been committed. Having observed the evidence of a criminal offense and the pictures being in "plain view". Parham had the legal right to seize the contraband involved. *See Armour v. Totty*, 486 S.W.2d 537, 540 (Tenn.1972); *State v. Lunati*, 665 S.W.2d 739, 749 (Tenn.Cr.App.1983). However, without proof of a search warrant authorizing the officers to view the video tapes, it was error to admit them into evidence. See the teachings of *State v. Lunati*, supra, page 749; and, *Walter v. United States*, 447 U.S. 649, 100 S.Ct. 2395, 65 L.Ed.2d 410 (1980). But this error was harmless beyond a reasonable doubt because there was ample other evidence of defendant's guilt without these tapes. *State v. Tyler*, 598 S.W.2d 798, 802 (Tenn.Cr.App.1980).

We find the admission of the video tapes harmless beyond a reasonable doubt because the oral testimony of Chrissie Epperson and Detective Parham alone is sufficient to make the State's case in chief. Chrissie Epperson testified that the defendant had made several revealing photographs of her plus a video tape in which she appeared nude. She testified appellant had directed her poses and actions in the performances. She was fifteen years of age at the time these photographs were made in Hamilton County, Tennessee. Detective Parham, independently of any of

the exhibited items, testified as to what he had observed, in plain view, while executing the search warrant for T-shirts. This testimony from Parham was relevant to appellant's intent and knowledge. The exhibits were only illustrative of Epperson's and Parham's oral testimony. Therefore, we can declare a belief that it was harmless beyond a reasonable doubt to have introduced the video tapes into this proceeding. *See Harrington v. California*, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969). Appellant's issues one, two and four are rejected.

Appellant's third issue contends the trial court erred in allowing the introduction of exhibits 16 through 38 as being irrelevant to the offense charged and extremely prejudicial to himself. We agree with the State that this issue does not conform to the requirement of T.R.A.P. 27(a)(7). Appellant failed to submit any authority for his argument. Also, as we have pointed out in dealing with the preceding issues, these pictures were illustrative of the settings in which Detective Parham found Epperson's pictures. His testimony was relevant to the requirements set forth in T.C.A. § 39–6–1137. We do not find that the introduction of these pictures violated the holding of *State v. Banks*, 564 S.W.2d 947, 949 (Tenn.1978). This issue is rejected.

■ Appellant's fifth issue complains that the assistant district attorney went outside the record in his argument for the sole purpose of inflaming the jury by blaming Chrissie Epperson's lifestyle on the defendant's attempt to pervert her. The record clearly establishes that this issue was not included in the appellant's motion for a new trial. The record reveals that the motion for a new trial was filed March 28, 1984; heard and denied on April 5, 1984. Motion to amend was filed April 5, 1984 and the State's objection to amendment was filed April 23, 1984. On May 16, 1984 the trial court took under advisement the amendment to the motion for a new trial. On July 6, 1984 the trial court entered an order denying the amendment to the motion for a new trial and sustaining

objection to the amendment to the motion for new trial. The trial court correctly ruled that Rule 33 of the Rules of Criminal Procedure controlled, and that the proposed amendment was offered after the trial court had denied the motion for a new trial.

The transcript of the hearing on the motion for a judgment of acquittal and the motion for a new trial has been thoroughly examined and the only mention of an amendment to the motion for a new trial was to submit a ground of no evidence to support the verdict. It follows that the amendment to complain of the argument of the assistant district attorney was not timely and must be rejected.

The judgment of the trial court is affirmed.

O'BRIEN and DUNCAN, JJ., concur.