**UNITED STATES of America, Plaintiff,**

v.

**MR. A, Mrs. A, Defendants.**

**No. 90–80754.**

United States District Court,
E.D. Michigan, S.D.

Feb. 14, 1991.

Richard Delonis, Asst. U.S. Atty., Detroit, Mich., for plaintiff.

David Steingold, Detroit, Mich., for defendants.

## AMENDED REASONS FOR ACQUITTAL *

COHN, District Judge.

### I.

On January 8, 1991, at a bench trial following the completion of the government's proofs, I ** granted defendants' Fed.R.Crim.P. 29(a) motion for judgment of acquittal. Defendants were charged in an eight count indictment for conspiracy and for substantive violations of 18 U.S.C. § 2251(a) and (b) (sexual exploitation of children). On or about December 15, 1989, and on or about July 11, 1990, defendants, husband and wife, took various photographs of their two children, a pre-pubescent girl of 11 and a boy of 9; a neighbor's child, a pre-pubescent girl of 10; a niece, a pre-pubescent girl of 5; and a baby nephew in various frontal poses for the most part in the nude. The substantive evidence at trial was 15 photographs. About half the photographs were of defendants' children, and the other half included the neighbor's child or the niece or nephew as well. The father was in one of the photographs.

In acquitting the defendants I briefly explained my reasons. In this memorandum, I revise and expand on my reasons.

* The Court amends its Reasons for Acquittal dated February 1, 1991 in order to remove the names of the defendants from the caption of the case.

### II.

The depictions in the photographs were generally as follows:

—Exhibit 3A—the two older girls frontally in the nude standing next to each other in the living room of a home.

—Exhibit 3B—the father, in the nude, and the two older girls, in the nude, seated on a couch in the living room of a home.

—Exhibit 3C—the two older girls frontally in the nude standing somewhat apart in the living room of a home.

—Exhibit 3H—the baby boy lying on his back on the floor next to a yardstick with a calendar to his right, clothed in a shirt rolled above the stomach. The child is being held at the feet, and the shoes of a second person show at the bottom of the photograph.

—Exhibit 3I—the daughter, standing frontally in the nude at some distance, at night next to a large identification sign in a county park. One hand is behind her head; the other hand is extended outward.

—Exhibit 11A—the daughter frontally in the nude bent at the left knee with her right leg extended backward, hands on her hips, the chest back and the stomach thrust forward with a friendly, defiant look on her face.

—Exhibit 11B—the daughter frontally in the nude, holding a teddy bear on her left leg, gazing forward with her left leg bent.

—Exhibit 11C—the daughter frontally in the nude is kneeling on her right leg and holding the teddy bear on her left leg.

—Exhibit 11D—the daughter and the niece standing frontally in the nude in a bedroom amid children's toys and clothes.

—Exhibit 11E—the two older girls standing in the nude, with their backs to the camera, bent forward.

** Ordinarily, I write in the third person, i.e. "the Court". Because this memorandum explains a decision in which I effectively acted as the jury, it seems appropriate to write in the first person.

—Exhibit 11F—the daughter standing frontally in the nude looking over her left shoulder with her left leg bent and her right leg on the floor.

—Exhibit 11G—the daughter standing in the same pose as Exhibit 11F slightly closer to the camera.

—Exhibit 11H—the daughter in a similar pose to that shown in Exhibit 3I. This time, the photograph was taken in winter snow and at a greater distance than in Exhibit 3I.

—Exhibit 11I—the daughter standing frontally in the nude outside at night, looking forward with her left leg slightly flexed.

—Exhibit 12—the two older girls and the boy standing frontally in the nude in the living room with their hands on their heads, slightly cavorting.

### III.

#### A.

18 U.S.C. §§ 2251(a) and (b) provide in relevant part:

(a) Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in interstate ... commerce ... with the intent that such minor engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, shall be punished as provided under subsection (d), if such person knows or has reason to know that such visual depiction will be transported in interstate ... commerce or mailed, or if such visual depiction has actually been transported in interstate ... commerce or mailed.

(b) Any parent ... or person having custody or control of a minor who knowingly permits such minor to engage in, or to assist any other person to engage in, sexually explicit conduct for the purpose of producing any visual depiction of such conduct shall be punished as provided under subsection (d) of this section, if such parent ... or person knows or has reason to know that such visual depiction will be transported in interstate ... commerce or mailed or if such visual depiction has actually been transported in interstate ... commerce or mailed.

18 U.S.C. § 2256 provides in relevant part: For the purposes of this chapter, the term—

(1) "minor" means any person under the age of eighteen years;

(2) "sexually explicit conduct" means actual or simulated ...

. . . .

(E) lascivious exhibition of the genitals or pubic area of any person.

■■■ In *United States v. Dost*, 636 F.Supp. 828, 833 (S.D.Cal.1986), the Court noted:

A child of very tender years, because of his innocence in matters sexual, would presumably be incapable of exuding sexual coyness. Sexual coyness is an expression outside the young child's range of experience.

This means that a factfinder, in this case me, should not look to the facial expressions of the children in determining whether or not the photographs violate the statute, but rather to the following six factors, and any others that may be relevant in a particular case, in deciding whether photographs constitute a lascivious exhibition of the genitals or pubic area. These six factors, first set forth in *Dost*, 636 F.Supp. at 832, are as follows:

1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;

2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;

3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;

4) whether the child is fully or partially clothed, or nude;

5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity;

6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

In *United States v. Arvin,* 900 F.2d 1385, 1389 (9th Cir.1990), the most recent expression of an appellate court on the statute, the Ninth Circuit effectively summarized these factors in saying:

*Wiegand* [*United States v. Wiegand,* 812 F.2d 1239 (9th Cir.1987) affirming *Dost,* 636 F.Supp. 829] described a picture prohibited by the statute as one in which "a child's sex organs [are] displayed lasciviously—that is, so presented by the photographer as to arouse or satisfy the sexual cravings of a voyeur." *Wiegand* at 1244. The statute reflects a legislative determination that it is a form of child abuse for a photographer to pose a child sexually for purposes of the photographer's sexual gratification, and that the abuse continues with dissemination of the photos for purposes of satisfying others. Thus, the apparent motive of the photographer and intended response of the viewer are relevant.

### B.

### 1.

This kind of case is traditionally tried to a jury. Jurors are told little more about the law they are to apply than stated above, and sometimes even less. In a case recently tried to a jury in this district, the government submitted the following as the appropriate instruction on the law of the case:

1. That the visual depictions described in the Indictment were transported in interstate or foreign commerce;
2. That the producing of the visual depictions involved the use of a minor engaging in sexually explicit conduct;
3. That the visual depictions were of such conduct;
4. That the defendant willfully received these visual depictions; and
5. That at the time he received these visual depictions the accused had knowledge that the materials contained visual depictions of a minor engaging in sexually explicit conduct, and were visual depictions, the production of which involved the use of a minor engaging in such conduct.

### 2.

 I was the functional equivalent of a jury. It was not for me to project what I believed 12 persons would decide, but to decide the case on my own view of the facts in light of the applicable law. As a factfinder, I was not to engage in a too subtle analysis or an extended mental exegesis. I looked at the photographs. My *Weltanschaung,* I suggest, was *a,* if not *the,* determining factor in my decision.

I simply could not find that the government's proofs showed beyond a reasonable doubt that the genitalia or pubic areas of the children in the several photographs were lasciviously exhibited; that is to say, were photographed in a manner intended by the mother and father to arouse or satisfy the sexual cravings of a voyeur. Nor could I find that I was satisfied beyond a reasonable doubt that the mother and father posed their children, and the other children, for the purposes of their own sexual gratification.

The Ninth Circuit noted in *Arvin,* 900 F.2d at 1391, that nude and lascivious are not synonymous, and that something more than distasteful and more than bad taste must be present for a conviction. In acquitting the defendants, I should not be heard to say that I have found the photographs were not distasteful or in bad taste or that they do not represent bad judgment. In my decision, I applied a criminal statute, the violations of which could possibly result in a prison term for a period of years.

In sum, I was satisfied that the government did not make out its case, and, for that reason, I acquitted the defendants.