**Lawtis Donald RHODEN**

v.

**Jack MORGAN, et al.**

**Nos. 3:91–0553, 3:91–0663.**

United States District Court,
M.D. Tennessee,
Nashville Division.

Aug. 18, 1994.

See also: 846 F.Supp. 598.

William J. Marett, Nashville, TN, Gary L. Anderson, Knoxville, TN, for petitioner.

C. Mark Fowler, Gordon W. Smith, Nashville, TN, for respondents.

## MEMORANDUM

JOHN T. NIXON, Chief Judge.

Pending before the Court is Petitioner's consolidated Petition for Writ of Habeas Corpus (Doc. Nos. 1, 2). On May 9, 1994, the Court held an evidentiary hearing and heard oral argument from the parties on several of Petitioner's claims. For the reasons stated below, the Court unconditionally grants in part the writ of habeas corpus.

## I. BACKGROUND

Petitioner Lawtis Donald Rhoden is currently a state prisoner confined in Turney Center Prison in Only, Tennessee. On October 23, 1985, Petitioner was convicted of rape and use of a minor for obscene purposes in violation of Tenn.Code Ann. § 39–6–1137. Petitioner was sentenced to twenty years on each offense to be served consecutively.

On July 17, 1991, Petitioner filed a federal petition for writ of habeas corpus in the case styled, *Lawtis Donald Rhoden v. Jack Morgan, Warden, State of Tennessee, and Charles W. Burson, Attorney General of the State of Tennessee,* No. 3:91–0553 (Doc. No. 2). Petitioner filed a second petition on August 19, 1991, in the case styled, *Lawtis Donald Rhoden v. Jack Morgan, Warden, State of Tennessee, and Charles W. Burson, Attorney General of the State of Tennessee,* No. 3:91–0663 (Doc. No. 1). By Order entered on January 13, 1992 (Doc. No. 13), the Court consolidated Petitioner's habeas corpus pleadings. In his consolidated petition, Petitioner alleges the following nine claims:

(1) Petitioner was convicted of a state obscenity statute that was unconstitutionally vague, overbroad, and indefinite on its face and as applied to him in violation of the First, Fifth, and Fourteenth Amendments to the United States Constitution;

(2) Petitioner's state conviction for Count II, a violation of Tenn.Code Ann. § 39–6–1137, cannot be sustained as a matter of law because the evidence was

insufficient under First and Fourteenth Amendment standards;

(3) Petitioner was denied a fundamentally fair trial by an impartial jury in violation of the First, Sixth, and Fourteenth Amendments to the United States Constitution due to juror misconduct and bias;

(4) Petitioner was denied a fundamentally fair trial by an impartial jury in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution due to the improper admission of a prior uncharged rape during the State's case-in-chief;

(5) Petitioner was denied a fundamentally fair trial by an impartial jury and the effective assistance of counsel in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution because the trial court precluded him from raising his "consent" defense during *voir dire* and opening statements;

(6) Petitioner was denied a fundamentally fair trial by an impartial jury in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution due to the State's prosecutorial misconduct and improper closing arguments;

(7) Petitioner was denied constitutionally effective assistance of trial counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution;

(8) Petitioner was denied a fundamentally fair trial by an impartial jury in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution due to the cumulative effect of the errors alleged herein.

(9) Petitioner was denied constitutionally effective assistance of appellate counsel due to the failure of appellate counsel to exhaust issues now subject to the defense of failure to exhaust remedies and/or procedural default.

By Memorandum and Order entered on January 27, 1994 (Doc. Nos. 62, 63), the Court determined that Petitioner's second, seventh, and ninth claims have been properly presented to the state courts, and that Petitioner's first claim is not procedurally defaulted because the state court has not barred the claim on an adequate and independent state law ground. (Mem., Doc. No. 62, at 13, 14.) In addition, the Court found that Petitioner's third claim is excepted from state exhaustion requirements on the grounds that state remedies were unavailable to Petitioner at the time he filed his federal petition, and that Petitioner is not now required to exhaust state remedies because any state remedies he may have are merely speculative at this time. (*Id.* at 11–13.) The Court determined that Petitioner's fourth, fifth, sixth, and eighth claims are subject to procedural default unless Petitioner demonstrates cause and prejudice through, in Petitioner's case, constitutionally ineffective assistance of trial counsel. (*Id.* at 20.) The Court reserved judgment on Petitioner's ninth claim, alleging ineffective assistance of appellate counsel. (*Id.* at 27.)

On May 9, 1994, the Court held an evidentiary hearing on Petitioner's juror misconduct claim (claim three) and heard oral argument on Petitioner's claims alleging that he was convicted under an obscenity statute on the basis of constitutionally insufficient evidence (claim two); that the obscenity statute under which Petitioner was convicted was unconstitutionally applied to him (claim one); and that Petitioner received constitutionally ineffective assistance of trial counsel (claim seven).

## II. ANALYSIS

### A. *Juror Misconduct*

A criminal defendant has a constitutional right to a fair trial before an impartial trier of fact. *Irvin v. Dowd,* 366 U.S. 717, 721–22, 81 S.Ct. 1639, 1642, 6 L.Ed.2d 751 (1961). *See also Morgan v. Illinois,* 504 U.S. ——, ——, 112 S.Ct. 2222, 2229, 119 L.Ed.2d 492 (1992) (due process demands that jury stand impartial and indifferent to extent commanded by Sixth Amendment). *Voir dire* serves to protect an individual's right to a fair trial "by exposing possible biases, both known and unknown, on the part

of potential jurors." *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 554, 104 S.Ct. 845, 849, 78 L.Ed.2d 663 (1984). Notably, "[a] prospective juror's failure to disclose material information is grounds for a new trial if it demonstrates bias." *United States v. Patrick*, 965 F.2d 1390, 1399 (6th Cir.1992), *cert. denied*, 506 U.S. ——, 113 S.Ct. 376, 121 L.Ed.2d 287 (1992). Bias may be inferred if a juror deliberately conceals information. *Id.* However, if a juror does not deliberately conceal information, actual bias must be shown. *Id.*

■ In the instant action, Petitioner alleges that during *voir dire* juror Susan Palinosky deliberately concealed the fact that she had been the victim of a sexual assault in 1982, several years prior to Petitioner's trial. Specifically, Petitioner points out that each prospective juror was asked if he or she had ever been the victim of a crime, and that Ms. Palinosky had responded falsely, "No, sir." Petitioner argues that bias may be inferred from Ms. Palinosky's failure to disclose her earlier experience.

At the May 9, 1994 evidentiary hearing before the Court, Ms. Palinosky testified that in 1987, approximately two years after Petitioner's trial, she realized that what had happened to her in 1982 constituted a crime. (Hrg.Tr., Doc. No. 77, at 19.) However, Ms. Palinosky acknowledged that when she had denied having been the victim of a crime during the *voir dire* examination in 1985, she had in fact answered honestly and to the best of her knowledge at that time. (*Id.* at 30.) Moreover, Ms. Palinosky revealed that in an effort to be impartial she had asked each juror to disclose his or her opinion about Petitioner's guilt or innocence. (*Id.* at 34–35.) Ms. Palinosky stated that she had attempted to be objective and had not tried to influence the other jurors in any way during the trial or in the course of jury deliberations. (*Id.* at 35–36.)

On the basis of Ms. Palinosky's testimony, the Court finds that Ms. Palinosky did not deliberately conceal the fact that she had been the victim of a crime, and that bias may not be inferred from her failure to disclose the 1982 incident during *voir dire*. Furthermore, although Ms. Palinosky believes in retrospect that her experiences in 1982 may have rendered her unable to be impartial during Petitioner's 1985 trial, the Court concludes that Ms. Palinosky consciously attempted to put aside bias and to be partial and objective. Petitioner has failed to demonstrate actual bias, and the Court dismisses Petitioner's juror misconduct claim.

### B. *Insufficient Evidence*

Petitioner was indicted on April 19, 1985, on counts of rape (Count I) and using a minor "to engage in posing or modeling in performance of sexual conduct to-wit, exhibition of the female genitals for the purpose of preparing photographs which were obscene in violation of Section 39–6–1137 Tennessee Code Annotated...." (Count II). (Ex. A, Pet'r App.Br.Supp.Pet. Habeas Corpus, Attach. Doc. No. 3.) After Petitioner was indicted, but prior to trial, § 39–6–1137(b)(9) was limited by amendment so as merely to prohibit the "lewd" exhibition of genitals. Petitioner claims that his conviction for Count II, violating § 39–6–1137(b)(9), cannot be sustained as a matter of law because the evidence was constitutionally insufficient.

As the Court determined in its January 27, 1994 Memorandum (Doc. No. 62), the allegedly objectionable photographs which led to Petitioner's conviction under § 39–6–1137 were never introduced to the trial court judge or jury, or submitted at any post-conviction proceedings. *See Rhoden v. Morgan*, 846 F.Supp. 598, 608, 611 (M.D.Tenn. 1994). There was no trial testimony regarding the actual content of the photographs. The minor involved testified that she was never completely nude when any photograph was taken, but was partially nude and wore only a bra while some of the pictures were being taken. (Trial Tr., Addendum 12, Vol. I, Doc. No. 28, at 55, 100.) The minor's mother testified that her daughter had denied that any pictures were taken of her while she was nude. (Trial Tr., Addendum 12, Vol. IV, Doc. No. 28, at 473.) At Petitioner's post-conviction hearing, Petitioner's wife testified that she saw the photographs in question and that the minor involved was not nude in any of the pictures. (Post–Conviction Hr'g Tr., Addendum 13, Vol. IV, Doc.

No. 28, at 196–97.) Finally, two allegedly incriminating statements made by Petitioner were introduced at trial: first, during a taped phone conversation, Petitioner stated to his girlfriend, "[W]hen you take pictures of a girl that age like that, that's child pornography," *see* Pet'r Phone Conversation, Addendum 12, Vol. Ex.'s, Doc. No. 28; and second, Petitioner allegedly told his girlfriend that "he had a client that paid him big money to see pictures of little girls in their underwear and that he would give [her] half of it," *see* Widmann Police Statement, Addendum 12, Vol. Ex.'s, Doc. No. 28, at 22.[1]

Petitioner was thereafter convicted under § 39–6–1137 for taking obscene photographs which depicted the lewd exhibition of the genitals of a minor, as well as for rape. Petitioner's convictions on both counts were affirmed on direct appeal and on collateral review.

### 1. *Obscenity*

The Tennessee Legislature defined "obscene" under Tenn.Code Ann. § 39–6–1137(8) to be such—

 (A) That the average person applying contemporary community standards, would find that the work, taken as a whole, appeals to the prurient interest;

 (B) That the work depicts or describes, in a patently offensive way, sexual conduct; and

 (C) That the work, taken as a whole, lacks serious literary, artistic, political, or scientific value.

Tenn.Code Ann. § 39–6–1137(8). It is evident from a plain reading of the statute that the definition of "obscene" follows the standard enunciated in *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). *See Miller,* 413 U.S. at 24, 93 S.Ct. at 2615.[2]

Implicit under the *Miller* standard is a requirement that the trier of fact view the allegedly objectionable material in order to determine whether it is obscene. Indeed, such requirement is so "manifestly elementary" that few courts have commented on it. *See Bryers v. State,* 480 S.W.2d 712, 717 (Tex.Crim.App.1972). Because a finding of "obscenity" is a "constitutional *judgment* of the most sensitive and delicate kind," *Roth v. United States,* 354 U.S. 476, 498, 77 S.Ct. 1304, 1316, 1 L.Ed.2d 1498 (1957) (Harlan, J., concurring in part and dissenting in part), a fact finder must evaluate the actual material and may not rely merely on a witness' assertion that the material is obscene. *See United States v. Smith,* 795 F.2d 841, 848 n. 7 (9th Cir.1986) (affidavit alleging certain photographs are "obscene" is inadequate for issuance of warrant), *cert. denied,* 481 U.S. 1032, 107 S.Ct. 1964, 95 L.Ed.2d 535 (1987); *Bryers,* 480 S.W.2d at 718 (subjective impression of witness insufficient to sustain obscenity conviction "no matter how detailed the description").

In the instant case, it is undisputed that the allegedly objectionable photographs which led to Petitioner's conviction were never introduced at trial. The only evidence presented was testimony from the minor that she had been photographed in various poses and in various stages of semi-nudity, and Petitioner's statements to his girlfriend that taking such pictures constituted "child pornography," and that Petitioner would share the money he received from "a client that paid him big money to see pictures of little girls in their underwear." Because the actual photographs were not entered into evi-

---

**1.** The Tennessee Court of Criminal Appeals made an erroneous factual finding that Petitioner placed the minor's "legs in various positions, including separating her legs so that her genitals were visible, as he took pictures." The Court finds that this factual finding is incorrect and not fairly supported by the state court record, and therefore is not entitled to a presumption of correctness under 28 U.S.C. § 2254(d)(8).

**2.** In *Miller,* the Supreme Court formulated the following test for determining whether a work is "obscene":

 (a) whether the average person, applying contemporary community standards would find that the work, taken as a whole, appeals to the prurient interest;

 (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law; and

 (c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value.

*Miller,* 413 U.S. at 24, 93 S.Ct. at 2615.

dence, it is impossible to analyze the photographs under the three-part *Miller* test for obscenity. Indeed, from the evidence submitted it is impossible to determine whether Petitioner actually photographed the minor's genitals, although he may have attempted to do so.

Accordingly, to the extent Petitioner was convicted for using a minor to prepare "obscene" photographs, as "obscene" is defined under § 39–6–1137(8), the Court concludes that the evidence under which Petitioner was convicted is constitutionally insufficient under the First Amendment standards articulated in *Miller*. In addition, the Court concludes that the evidence is likewise constitutionally insufficient under the Fourteenth Amendment, which prohibits a state criminal conviction except upon proof of guilt beyond a reasonable doubt with respect to every element of an offense. *Jackson v. Virginia*, 443 U.S. 307, 315–16, 99 S.Ct. 2781, 2787, 61 L.Ed.2d 560 (1979).

### 2. *Child pornography*

█ Despite the fact that § 39–6–1137 specifically prohibits the production of "obscene" material, Respondent argues that Petitioner's sufficiency of the evidence claim must be analyzed under the less demanding standard required to evaluate and prohibit child pornography. Although the Court finds Respondent's argument persuasive, the Court determines that even under a child pornography analysis the evidence used to convict Petitioner was constitutionally insufficient.

 A State's interest in regulating child pornography is "radically different" from a State's interest in regulating obscenity. *United States v. Andersson*, 803 F.2d 903, 907 n. 3 (7th Cir.1986), *cert. denied*, 479 U.S. 1069, 107 S.Ct. 962, 93 L.Ed.2d 1010 (1987). In the child pornography context, the State is primarily concerned with protecting children from sexual abuse, both when the films or photographs are initially produced and when the films or photographs are distributed. *Id.* Accordingly, whereas *Miller* establishes constitutional guidelines for sexually explicit expression involving adults, *New York v. Ferber*, 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982), provides a different standard for sexually explicit expression involving children. Under *Ferber*, in order to determine whether material constitutes child pornography the conduct to be prohibited must be adequately defined by applicable state law; the state offense must be limited to works that visually depict sexual conduct by children below a specified age; and the category of "sexual conduct" proscribed also must be suitably limited and described. *Ferber*, 458 U.S. at 764, 102 S.Ct. at 3358.[3]

The Court finds that Tenn.Code Ann. § 39–6–1137, as amended in 1985, follows *Ferber* by prohibiting works that visually depict sexual conduct by children below a certain age. Specifically, the statute prohibits the use of a minor for posing or modeling in any performance of sexual conduct for purposes of preparing a film or photograph; defines "minor" as any person less than eighteen years old; and defines "sexual conduct" as including "the lewd exhibition of the male or female genitals."[4] Tenn.Code Ann. § 39–6–1137. Notably, the term "lewd" is no different than the term "lascivious" for the purposes of evaluating child pornography. *United States v. Wiegand*, 812 F.2d 1239, 1243 (9th Cir.1987), *cert. denied*, 484 U.S. 856, 108 S.Ct. 164, 98 L.Ed.2d 118 (1987). *Cf. United States v. Freeman*, 808 F.2d 1290, 1292 (8th Cir.1987) (Congress substituted term "lascivious" for "lewd" in child pornography statute because historically "lewd" had been equated with obscenity analysis), *cert. denied*, 480 U.S. 922, 107 S.Ct. 1384, 94 L.Ed.2d 697 (1987).

**3.** In contrast to the analysis required under *Miller* to find obscenity, the test for child pornography under *Ferber* does not require the fact finder to determine that the material appeals to the prurient interest of the average person, or that the sexual conduct portrayed be done in a patently offensive manner; and it does not require that the material be considered as a whole. *Ferber*, 458 U.S. at 764, 102 S.Ct. at 3358.

**4.** "Sexual conduct" also includes sexual intercourse; sodomy; sexual bestiality; masturbation; sado-masochistic abuse; and excretion. Tenn.Code Ann. § 39–6–1137(9).

The determinative test for assessing whether a visual depiction of a minor constitutes the lewd or lascivious exhibition of genitals was developed in *United States v. Dost*, 636 F.Supp. 828 (S.D.Cal.1986), *aff'd sub nom, United States v. Wiegand*, 812 F.2d 1239 (9th Cir.1987), *cert. denied*, 484 U.S. 856, 108 S.Ct. 164, 98 L.Ed.2d 118 (1987). Under the *Dost* test, the trier of fact should consider the following:

(1) whether the focal point of the visual depiction is on the child's genitals or pubic area;

(2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;

(3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;

(4) whether the child is fully or partially clothed, or nude;

(5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity;

(6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

*Dost*, 636 F.Supp. at 832. Although the Sixth Circuit has not yet addressed the validity of the *Dost* test, it has been followed by several other circuits and at least one district court in the Sixth Circuit. *See, e.g. United States v. Wolf*, 890 F.2d 241, 244 (10th Cir. 1989); *United States v. Villard*, 885 F.2d 117, 122 (3rd Cir.1989); *United States v. Nolan*, 818 F.2d 1015, 1019 n. 5 (1st Cir.1987); *United States v. Wiegand*, 812 F.2d 1239, 1244 (9th Cir.1987); *United States v. Mr. A.*, 756 F.Supp. 326, 328 (E.D.Mich.1991).

▬▬▬ A determination that a photograph constitutes child pornography focuses on the photograph itself rather than on the effect such photograph has on an individual viewer. *See Villard*, 885 F.2d at 125. Although a photograph may have a disturbing effect on a certain individual, it is nevertheless evident that "[c]hild pornography is not created when the pedophile derives sexual enjoyment from an otherwise innocent photo." *Wiegand*, 812 F.2d at 1245. In order to find that a photograph constitutes child pornography, it is therefore necessary, as a general rule, to review the photograph itself. *See Ferber*, 458 U.S. at 774 n. 28, 102 S.Ct. at 3364 n. 28 (independent examination of material may be necessary to find child pornography), *cited with approval in Bose Corp. v. Consumers Union*, 466 U.S. 485, 507–08, 104 S.Ct. 1949, 1963, 80 L.Ed.2d 502 (1984); *Wiegand*, 812 F.2d at 1244 (whether district court erred in finding pictures "lascivious" requires *de novo* review of actual pictures by appellate court); *Mr. A.*, 756 F.Supp. at 329 (court required to examine photographs to determine whether children's genitals were lasciviously exposed under *Dost* ).

▬▬▬ In some limited instances, a trier of fact may determine that material constitutes child pornography on the basis of eyewitness testimony regarding the content of the objectionable material. *See Villard*, 885 F.2d at 123 (analyzing witness testimony about content of material under *Dost* factors); *Smith*, 795 F.2d at 848 n. 7 (lawful warrant may be issued upon affiant's identification of "specific, clearly defined acts" prohibited under child pornography statute). Where witness testimony is the only evidence from which a trier of fact may conclude that material is child pornography, the witness testimony must be specific enough for the trier of fact to evaluate whether the material actually portrays the lewd or lascivious exhibition of genitals. *See Villard*, 885 F.2d at 124. If a witness is unable to describe the photographs with some degree of specificity, such testimony alone is insufficient to support a finding of lewdness or lasciviousness. *Id.* at 125 (insufficient evidence where photographs not introduced and witness description only "sparse").

In *United States v. Villard*, 700 F.Supp. 803, 813 (D.N.J.1988), for example, the government relied on the testimony of a witness to convict the defendant on a charge of transporting magazines which contained photographs depicting a "minor engaging in the lascivious exhibition of his genitals and pubic area" in violation of 18 U.S.C. § 2252(a)(1). *Villard*, 700 F.Supp. at 813, *aff'd*, 885 F.2d 117 (3d Cir.1989). Although the witness testified that the male child was portrayed in

some photographs with a "partial erection" and in other photographs with a full erection, the court held that such testimony, without more, did not provide a sufficient basis from which to conclude that the photographs contained "explicit sexual conduct." *Id.* The trial court thus entered a verdict of acquittal for the defendant, stating:

A family photo of a child asleep, or in some other natural setting, might not constitute "explicit sexual conduct," even though an erection is present. Again this depends on the individual photograph. The jury needs a wealth of information to make that determination.

*Villard,* 700 F.Supp. at 813.

In the instant action, neither the photographs which served as the basis for Petitioner's conviction under Tenn.Code Ann. § 39–6–1137 nor any eyewitness testimony about the content of such photographs was introduced into evidence at Petitioner's trial. Although the Court finds Petitioner's actions in taking the photographs of the minor in this case to be distasteful, the Court has failed to locate a single case in any jurisdiction where a defendant has been convicted under a child pornography statute without either the objectionable material or the testimony of an eyewitness about the content of the objectionable material being introduced into evidence.

The Court rejects Respondent's argument that the evidence in this case is sufficient under the holding of *State v. Ferguson,* 703 S.W.2d 179 (Tenn.Crim.App.1985), which was decided prior to Petitioner's trial. In *Ferguson,* the defendant was similarly charged under Tenn.Code Ann. § 39–6–1137 after a police officer searched the defendant's place of business, pursuant to a warrant authorizing him to search for forged T-shirts, and there discovered, in plain view, photographs of nude men and women. Upon identifying a minor female in the photographs, the officer seized the photographs, as well as video tapes which were on the premises. The Tennessee Court of Criminal Appeals affirmed Ferguson's conviction despite its findings that the videos had been unlawfully seized and that the trial court had erred in admitting the videos into evidence. *Ferguson,* 703

S.W.2d at 181. Finding there was "ample other evidence of defendant's guilt," however, the Court of Criminal Appeals held that it was harmless error to admit the videos. *Id.*

Notably, the "ample other evidence" in *Ferguson* included the photographs of the minor female, as well as the testimony of the police officer about the actual content of the photos. Accordingly, the Court finds that *Ferguson,* in which the jury considered evidence of the actual content of the material, does not support Petitioner's conviction in the present case, in which the jury considered no such evidence.

The Court therefore concludes that the evidence under which Petitioner was convicted for violating the prohibition against child pornography in Tenn.Code Ann. § 39–6–1137 is constitutionally insufficient under the Fourteenth Amendment. *See Jackson,* 443 U.S. at 315–16, 99 S.Ct. at 2787.

Because the evidence is constitutionally insufficient to support Petitioner's conviction under Tenn.Code Ann. § 39–6–1137 for obscenity or child pornography, the Court unconditionally grants the writ of habeas corpus vacating Petitioner's conviction under Tenn.Code Ann. § 39–6–1137. *See Burks v. United States,* 437 U.S. 1, 18, 98 S.Ct. 2141, 2150–51, 57 L.Ed.2d 1 (1978).

### C. *Statute Unconstitutional As Applied*

A statute which is not unconstitutionally overbroad may nevertheless be unconstitutional as applied if it is enforced against a protected activity. *See Bigelow v. Virginia,* 421 U.S. 809, 95 S.Ct. 2222, 44 L.Ed.2d 600 (1975); *Felix v. Young,* 536 F.2d 1126, 1134 (6th Cir.1976). As this Court determined in its January 27, 1994 Memorandum (Doc. No. 62), Petitioner's argument that Tenn.Code Ann. § 39–6–1137 was unconstitutionally applied to punish him for constitutionally-protected activity requires a finding by this Court that the allegedly objectionable materials at issue were constitutionally protected and thus were neither obscene nor unlawful child pornography. *See Rhoden,* 846 F.Supp. at 608.

As stated above, the Court finds that the evidence upon which Petitioner was

convicted was constitutionally insufficient to support a finding of either obscenity or the lewd or lascivious exhibition of genitals required to support a conviction for child pornography.[5] At best, the evidence may support an inference that Petitioner attempted to take photographs that depicted nudity. It is well-settled, however, that depictions of nudity, without more, constitute protected expression. *Osborne v. Ohio,* 495 U.S. 103, 112, 110 S.Ct. 1691, 1698, 109 L.Ed.2d 98 (1990). Even depictions of nudity involving a minor constitute protected expression absent a showing that the depictions are "in some significant way, erotic." *Erznoznik v. City of Jacksonville,* 422 U.S. 205, 214 n. 10, 95 S.Ct. 2268, 2275 n. 10, 45 L.Ed.2d 125 (1975).

There was no evidence of any kind that the actual photographs in this case ultimately depicted nudity, much less that they were, in fact, erotic. Accordingly, inasmuch as Tenn. Code Ann. § 39–6–1137 was interpreted to prohibit Petitioner from taking any photographs of a minor which may have involved nudity, the Court concludes that the statute was unconstitutional as applied to Petitioner.

### D. *Ineffective Assistance Of Trial Counsel*

A criminal defendant has a Sixth Amendment right to receive effective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 685–86, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984). A defendant establishes an ineffective assistance of counsel claim by demonstrating: (1) that counsel was deficient in representing the defendant; and (2) that counsel's alleged deficiency prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. The "prejudice" component of the claim "focuses on the question of whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell,* 506 U.S. ——, ——, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993).

In this case, Petitioner was charged under Count II of the indictment with using a minor to prepare obscene photographs in violation of Tenn.Code Ann. § 39–6–1137. Petitioner was convicted under Count II even though neither the photographs themselves nor testimony regarding the actual content of the photographs was entered into evidence. Despite the astonishing lack of proof offered to convict Petitioner, trial counsel failed to move pretrial or at the conclusion of the state's case-in-chief for a dismissal of Count II as a matter of law. Moreover, trial counsel failed to challenge the constitutionality of § 39–6–1137 as applied to Petitioner.

The Court finds that such failures by trial counsel "fell below an objective standard of reasonableness," *Strickland,* 466 U.S. at 687–88, 104 S.Ct. at 2064, and establish that counsel was deficient under the first prong of the *Strickland* test. However, Petitioner has failed to demonstrate that but for counsel's deficiencies in failing to move for a dismissal of Count II and in failing to challenge the constitutionality of Tenn.Code Ann. § 39–6–1137 as applied to him he would likely not have been convicted. *See United States v. Morrow,* 923 F.2d 427, 432 (6th Cir.1991) (constitutionally effective assistance despite counsel's failure to move for new trial or acquittal where evidence constitutionally insufficient), *vacated on other grounds,* 932 F.2d 1146 (6th Cir.1991). Even if counsel had moved to dismiss Count II on the grounds that the evidence was insufficient or the statute was unconstitutionally applied, this Court finds no evidence that the trial court would have granted counsel's motion for dismissal. *Id.* Petitioner's ineffective assistance of trial counsel claim is dismissed, and Petitioner's fourth, fifth, sixth, and eighth claims are procedurally defaulted.

In addition, the Court finds that Petitioner's claim alleging ineffective assistance of appellate counsel, upon which the Court has previously reserved judgment, fails under the two-part *Strickland* test, as modified by *Lockhart.* The Court therefore dismisses

---

5. Because the state courts did not address the merits of Petitioner's constitutional challenge, any state court factual findings which may relate to this challenge are not entitled to a statutory presumption of correctness by this Court. 28 U.S.C. § 2254(d)(1). Accordingly, the Court conducted a *de novo* review of the record to decide this issue.

Petitioner's ineffective assistance of appellate counsel claim.

## III. CONCLUSION

For the above-stated reasons, the Court hereby unconditionally grants in part Petitioner's petition for writ of habeas corpus on the grounds that Petitioner was convicted for violating Tenn.Code Ann. § 39–6–1137 on constitutionally insufficient evidence, and that Tenn.Code Ann. § 39–6–1137 was unconstitutionally applied to Petitioner. Accordingly, the Court unconditionally issues the writ of habeas corpus; vacates Petitioner's conviction for violating Tenn.Code Ann. § 39–6–1137; and vacates Petitioner's sentence for violating Tenn.Code Ann. § 39–6–1137. Furthermore, the writ of habeas corpus shall issue, releasing Petitioner from incarceration for any lesser included offense under Count II of the indictment, unless within 120 days from the entry of this Order the State affords Petitioner a new trial for such offense.

The Court dismisses Petitioner's claims alleging juror misconduct (claim three); ineffective assistance of trial counsel (claim seven); and ineffective assistance of appellate counsel (claim nine); and dismisses Petitioner's fourth, fifth, sixth, and eighth claims as procedurally defaulted.

An Order consistent with the findings herein is entered contemporaneously.

## ORDER

Pending before the Court is Petitioner's consolidated Petition for Writ of Habeas Corpus (Doc. Nos. 1, 2). On May 9, 1994, the Court held an evidentiary hearing and heard oral argument from the parties on several of Petitioner's claims.

Consistent with the contemporaneously-filed Memorandum, the Court hereby UNCONDITIONALLY GRANTS IN PART Petitioner's petition for writ of habeas corpus on the grounds that Petitioner was convicted for violating Tenn.Code Ann. § 39–6–1137 on constitutionally insufficient evidence, and that Tenn.Code Ann. § 39–6–1137 was unconstitutionally applied to Petitioner. Accordingly, the Court UNCONDITIONALLY

ISSUES the writ of habeas corpus; VACATES Petitioner's conviction for violating Tenn.Code Ann. § 39–6–1137; and VACATES Petitioner's sentence for violating Tenn.Code Ann. § 39–6–1137. Furthermore, the writ of habeas corpus shall ISSUE, releasing Petitioner from incarceration for any lesser included offense under Count II of the indictment, unless within 120 days from the entry of this Order the State affords Petitioner a new trial for such offense.

The Court DISMISSES Petitioner's claims alleging juror misconduct (claim three); ineffective assistance of trial counsel (claim seven); and ineffective assistance of appellate counsel (claim nine); and DISMISSES Petitioner's fourth, fifth, sixth, and eighth claims as procedurally defaulted.