*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 13a0056p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

UNITED STATES OF AMERICA,
            *Plaintiff-Appellant*,

            *v.*                                        No. 11-2331

TIMOTHY THOMAS SIMS,
                  *Defendant-Appellee.*

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 1:11-cr-37-1—Janet T. Neff, District Judge.

Argued: December 6, 2012

Decided and Filed: February 28, 2013

Before: KETHLEDGE and WHITE, Circuit Judges; LUDINGTON, District Judge.[*]

_____

**COUNSEL**

**ARGUED:** Mark A. Totten, UNITED STATES ATTORNEY'S OFFICE, Grand Rapids, Michigan, for Appellant.  Jeffrey J. O'Hara, Grand Rapids, Michigan, for Appellee. **ON BRIEF:** Mark A. Totten, Daniel Y. Mekaru, UNITED STATES ATTORNEY'S OFFICE, Grand Rapids, Michigan, for Appellant.  Jeffrey J. O'Hara, Grand Rapids, Michigan, for Appellee.

KETHLEDGE, J., delivered the opinion of the court, in which LUDINGTON, D. J., joined.  WHITE, J. (pg. 8), delivered a separate dissenting opinion.

_____

[*] The Honorable Thomas L. Ludington, United States District Judge for the Eastern District of Michigan, sitting by designation.

1

———————————

**OPINION**

———————————

KETHLEDGE, Circuit Judge.  In October 2011, Timothy Sims was set to go to trial on charges that he possessed child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2), and that he attempted to produce child pornography in violation of 18 U.S.C. § 2251(a) and (e).  Four days before trial, however, Sims pled guilty to the possession charges.  The district court then entered an order excluding evidence of Sims's possession of child pornography from his attempted-production trial. The government brought this interlocutory appeal.  We vacate and remand.

I.

Some of the facts of this case are still in dispute, since the case has not yet been tried.  One undisputed fact, however, is that Sims possessed images of a seven year-old girl (referred to here as B.M.) engaged in sexual conduct.  The girl's mother, Andrea Mast, sent the images to Sims.  Also undisputed is that Sims possessed two disks containing at least 90 images of child pornography.  The images depict both pre- and post-pubescent children engaged in a variety of sexual acts, including bondage and rape. Finally, Sims admits that on three occasions he surreptitiously filmed a 13 year-old girl (referred to here as M.P.) through her bedroom window.  Sims took the video from outside the girl's bedroom, after she had emerged from the shower.  Each video focuses on the girl's pubic area and buttocks, but she does not engage in any sexual activity.  At the time the videos were made, Sims lived with M.P., her older sister, C.P., and her mother, Sonya Lund.

Citing the videos, the government charged Sims with attempted production of child pornography.  The government also charged Sims with possession of child pornography, citing the images of B.M. and the images found on the two disks. Sims thereafter filed a motion in limine to exclude from trial the child pornography that he possessed, text messages of a sexual nature between him and M.P.'s older sister, and

e-mails between him and B.M.'s mother. The court granted the motion as to the adult pornography and text messages, but denied it as to the child pornography and e-mails.

Four days before trial, however, Sims pled guilty to the possession counts. Under oath, he admitted that he had received and possessed images of B.M., a seven year-old, engaged in sexually explicit conduct. He admitted that he received the images of B.M. from her mother. And he admitted possessing the two disks of child pornography.

The hearing then moved on to evidentiary matters. Only the attempted-production counts remained for trial; and immediately after the court accepted Sims's guilty plea to the possession charges, the government moved for leave to introduce Sims's plea admissions at trial as evidence of his intent to create child pornography when he filmed M.P. nude through her bedroom window. Sims objected, arguing that his plea admissions were both irrelevant and prejudicial. Without further argument, the court ruled that Sims's statements were inadmissible because they were more prejudicial than probative. The government then sought to clarify whether the court also meant to exclude the child-pornography images themselves—evidence that, prior to Sims's guilty plea, the court had ruled admissible. The court said that it did mean to exclude them, because in its view the images were "not relevant" to the attempted-production charges.

The government promptly filed a notice of appeal. Three days later, the court entered a written opinion in which it changed its position with respect to the relevance of the excluded images. Specifically, the court acknowledged that Sims's "possession of pornographic images of prepubescent girls is evidence relevant to proving [his] general intentions in filming the teenaged victim[.]" But the court discounted the evidence's probative value, reasoning that Sims's intent in filming M.P. would not be a critical issue at trial. Thus, the court concluded that all of the subject images—it did not distinguish between them in its analysis, or discuss the plea admissions at all—should be excluded under Rule 403.

II.

The government argues that the district court erred by excluding all evidence related to Sims's possession of child pornography.  We review the district court's decision for an abuse of discretion.  *United States v. Stout*, 509 F.3d 796, 799 (6th Cir. 2007).

As an initial matter, the court's written opinion came after the government filed its notice of appeal—an event that normally divests the district court of jurisdiction over the case.  But a district court retains limited jurisdiction to take actions "in aid of the appeal."  *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1013 (6th Cir. 2003).  This class of actions is narrowly defined, but includes issuance of an opinion that memorializes an oral ruling made days before.  *Id.*  That is what we have here, so we include the court's opinion in our consideration of this appeal.

Under Rule 403, a district court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, [or] misleading the jury[.]"  Fed. R. Evid. 403.  Thus, before excluding evidence under the Rule, a district court must "weigh the proper probative value of the evidence against, among other things, its unfairly prejudicial effect."  *United States v. Parkes*, 668 F.3d 295, 305 (6th Cir. 2012).

Here, the district court excluded all evidence of Sims's possession of child pornography, including his plea admissions, the images themselves, and Andrea Mast's expected testimony that Sims asked her to take sexually explicit images of B.M. for him.  The court did not distinguish between these different types of evidence, instead excluding all the evidence in gross.

The court's reasoning was based upon the elements of the charged offense.  To convict Sims of attempted production of child pornography, the government must show two things beyond a reasonable doubt:  first, that Sims specifically intended to create child pornography when he filmed M.P. nude through her bedroom window; and second, that he took a substantial step towards the creation of child pornography.  *See* 18 U.S.C.

§ 2551(a), (e); *United States v. Khalil*, 279 F.3d 358, 368 (6th Cir. 2002). Sims contests both elements; but the district court seemed to think that, as a practical matter, only the second element will be disputed at trial. The court reasoned that Sims's "apparent defense" to the attempted-production counts "is that the videos of M.P. do not depict the lascivious depiction of the victim's pubic area, as required by statute[.]" Op. at 7. And thus the court thought that the "pivotal issue at [Sims's] trial will apparently not be whether [Sims] was motivated to create such a video, but whether he did some overt act that was a substantial step towards committing the crime of producing images of a minor engaged in sexually explicit conduct[.]" *Id.* (internal quotation marks omitted). Hence the court concluded that the excluded evidence was relevant only to an issue—Sims's intent—that would not be important at trial.

The court's reasoning and conclusion were incorrect. To convict Sims of attempted production of child pornography, the government does not need to prove that the videos of M.P. were actually lascivious. (If they were, Sims would presumably be facing an actual-production charge.) To say that a defendant must take a substantial step towards committing an offense does not mean that he must actually commit the offense. Thus, as best we can tell, the district court thought the substantial-step element required a greater showing than it actually does; and that faulty premise led the court to conclude that this element would be the "pivotal issue" at trial.

Instead, as even Sims agrees, "the pivotal issue is intent." Sims Br. at 23. The intent element of the charged offense requires the government to prove that Sims specifically intended to obtain a lascivious image when he stood outside M.P.'s bedroom window with a video camera. Proving that Sims had that intent might be more difficult than it seems. Although the videos focus on M.P.'s pubic area and buttocks, even the government says the images are only "borderline lascivious." Thus, even someone like Sims might not realistically expect—and thus not intend—to obtain lascivious footage, *i.e.*, child pornography, when filming a girl toweling off after a shower. In any event, difficult or not, the government must prove Sims's intent beyond a reasonable doubt.

The district court erred, therefore, when it discounted the probative value of intent evidence in its balancing under Rule 403.

The district court also found that the excluded evidence would be highly prejudicial to Sims. To a large extent we agree: evidence depicting children (like B.M.) who are much younger than M.P., or describing the involvement of B.M's mother in producing pornographic depictions of her daughter, or depicting a toddler being raped by an adult, would present inflammatory detail that itself has little if any probative value with respect to Sims's intent. And that means such evidence is to a large extent unfairly prejudicial. *See United States v. Bilderbeck*, 163 F.3d 971, 978 (6th Cir. 1999) ("unfair prejudice [] mean[s] the undue tendency to suggest a decision based on improper considerations"). But the court's reasoning here—particularly at the hearing where it decided to exclude the subject evidence—did not always distinguish between prejudice that is unfair and prejudice that is fair. *See generally United States v. Sanders*, 95 F.3d 449, 453 (6th Cir. 1996). Evidence that lacks inflammatory detail, for example, but that more simply shows that Sims is a consumer of child pornography, might not be unfairly prejudicial at all. It might instead tend primarily to show that Sims hoped to obtain a lascivious image when he filmed M.P. nude through her window. That kind of prejudice would be fair.

Which leads to a third point. It is clear that the probative value of the evidence at issue here is not uniform. The same is true of the evidence's unfairly prejudicial effect. Evidence that Sims possessed images of toddlers being raped, for example, might be modestly probative but extremely prejudicial. But the balance between probative value and prejudicial effect might well be reversed with respect to some of Sims's own admissions at his plea hearing—admissions that the government specifically sought to admit as a separate item of evidence as soon as they were made. In any event, the court's decisions whether to admit the different kinds of evidence at issue here needs to be more individualized than they were during the plea hearing and in the opinion that followed.

But those decisions should still be made by the district court in the first instance. The reality is that the court was pressed to make its decision here on the fly, after Sims chose to plead guilty to the possession counts only four days before trial. A more deliberate process for considering these issues might yield a more reliable result.

The district court's decision to exclude all evidence related to Sims's possession of child pornography is vacated, and the case remanded for further proceedings consistent with this opinion.

_____

## DISSENT

_____

HELENE N. WHITE, Circuit Judge, dissenting.  I respectfully dissent.  I find no basis on which to conclude that the district court abused its discretion in excluding the evidence at issue.  The majority finds fault with the court's conclusion that the real issue at trial will not be Sims's intent but whether he took a substantial step towards the creation of child pornography, which conclusion was based on the court's understanding that Sims's apparent defense "is that the videos of M.P. do not depict the lascivious depiction of the victim's pubic area, as required by statute."  The majority concludes that the court's reasoning and conclusion were incorrect because the government is not required to show that the videos actually depicted lascivious conduct, only that Sims attempted to create videos depicting such conduct.  But the district court did not misapprehend the elements of the offense; rather, the court simply made a ruling based upon the posture of the case at the time.  If in fact Sims does not intend to challenge his intent and concedes that he hoped to secure an image of M.P. engaged in sexually explicit conduct, it matters not whether that is a sufficient defense to the charge.  What matters is that he does not contest his intent.  If the nature of his defense changes and he takes the position that he filmed M.P. accidentally, or did not intend to capture the images he did, or intended to film her for artistic purposes only, the court can and should reconsider its ruling.  However, on this record, I find no abuse of discretion.