# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### August 19, 2014 Session

## STATE OF TENNESSEE v. THOMAS WILLIAM WHITED

**Appeal from the Criminal Court for Knox County**
**No. 100430    Steven Wayne Sword, Judge**

**No. E2013-02523-CCA-R3-CD - Filed May 4, 2015**

CAMILLE R. MCMULLEN, J., dissenting.

I must respectfully disagree with the conclusion reached by the majority. Let me begin by recognizing that surreptitiously recording a minor in the privacy of her bedroom or bathroom while she undresses is reprehensible, abhorrent, and criminal. See Tenn. Code Ann. §39-13-605.[1] However, whether this conduct rises to the level necessary to sustain the convictions for especially aggravated sexual exploitation of a minor is another question. For this offense, the State was required to show that the minor in the videos was engaged in sexual activity. As applicable here, the statutory definition of sexual activity required the State to prove that the video contained the lascivious depiction of the victim's breasts, buttocks, and/or genitalia. After applying the guidelines outlined in Dost and given the below reasoning and authority, I am unable to conclude that the images depicted in the video were lascivious. Therefore, I would reverse the convictions of especially aggravated sexual exploitation of a minor in this case. In reaching this conclusion, I would apply the sixth Dost

---

[1] Tennessee's video voyeurism law provides,

It is an offense for a person to knowingly [videotape] . . . an individual, when the individual has a reasonable expectation of privacy, without the prior effective consent of the individual, or in the case of a minor, without the prior effective consent of the minor's parent[,] if the [videotape]: (1) [w]ould offend or embarrass an ordinary person if such person appeared in the [videotape]; and (2) [w]as taken for the purpose of sexual arousal or gratification of the defendant.

T.C.A. § 39-13-605 (2014).

1

factor, whether the visual depiction is intended or designed to elicit a sexual response in the viewer, objectively rather than subjectively, as this court previously held in State v. John Michael Whitlock, No. E2010-00602-CCA-R3-CD, 2011 WL 2184966, at *7 (Tenn. Crim. App. June 6, 2011) (reviewing whether a videotape constituted "lascivious exhibition" of a girl's pubic area and concluding that the sixth Dost factor must be analyzed objectively rather than subjectively). Finally, because there is sufficient evidence for a reasonable jury to conclude that the Defendant attempted to capture lascivious images on the video, I would reduce his convictions to attempted especially aggravated sexual exploitation of a minor and remand this matter to the trial court for re-sentencing.

As an initial matter, I must take note that neither party addressed the appropriate standard of review for this Court when determining whether an image is lascivious. Tennessee has yet to squarely address the standard of review for determining whether an image is lascivious in a case that challenges the sufficiency of the evidence. Some courts review this issue de novo because it involves a pure question of law, see United States v. Helton, 302 Fed. Appx. 842, 846 (10th Cir. 2008), while other courts review this issue for "clear error" because it involves a mixed question of fact and law. See United States v. Steen, 634 F.3d 822, 825-826 (5th Cir. 2011). In my view, the appropriate standard of review for determining whether an image is lascivious is de novo because appellate review primarily involves consideration of legal principles.

As pointed out by the majority, there is very little Tennessee authority defining the term "lascivious" for purposes of the especially aggravated sexual exploitation of a minor statute. My conclusion is therefore guided by United States v. Mr. A., 756 F. Supp. 326 (E.D. Mich. 1991) and United States v. Vanderwal, 533 Fed. Appx. 498 (6th Cir. 2013). In United States v. Mr. A., the defendants (a husband and wife) took various photos of their two children, an 11 year old girl and 9 year old boy; a 10 year old neighbor girl; a 5 year old niece; and a baby nephew. The 15 photos depicted one or more of the children partially or fully nude in various positions which were specifically described by the court. The court considered the Dost factors and held that the evidence was insufficient to prove that the genitalia of the children in several photographs were "lasciviously exhibited." Notwithstanding the nudity and the odd positioning of the children, the court found the evidence insufficient to prove that the genitalia of the children was "lasciviously exhibited; that is to say, . . . photographed in a manner intended . . . to arouse or satisfy the sexual cravings of a voyeur. . . . [or] for the purposes of [the defendants'] own sexual gratification." Id. at 329. The court noted that "nude and lascivious are not synonyms, and that something more than distasteful and more than bad taste must be present for a conviction." Id. Thus, the court reversed the defendants' convictions for sexual exploitation of a minor. Id.; see also Rhoden v. Morgan, 863 F. Supp. 612, 621 (M.D. Tenn. 1994) ("Even depictions of nudity involving a minor constitute protected expression absent a showing that the depictions

2

are 'in some significant way, erotic.'") (citation omitted).

In United States v. Vanderwal, 533 Fed. Appx. 498 (6th Cir. 2013), the defendant was convicted of attempted sexual exploitation of a minor based on videos of two pre-pubescent girls naked in the bathroom. Similar to the case sub judice, the defendant secretly filmed the girls by placing a camera in the bathroom and aligned it to focus on the genital area of someone standing at the sink. The shower curtain was clear plastic so one could see through it to someone in the shower/bath. The defendant argued that the videos were not lascivious because the Dost factors were not met, but the court rejected this argument because the defendant was charged with attempted sexual exploitation of a minor. Thus, the court reasoned, "[i]t is not necessary for the Government to prove that the videos [the defendant] created were lascivious, only that he had the specific intent to create a lascivious video." Id. at 501. The court held that to prove the defendant's intent to create the video, contextual evidence is permissible and the limitations in the Dost test are not applicable. Therefore, the court considered other evidence, including the defendant's possession of other child pornography, a sexual fantasy story that he wrote, and the way he aligned the camera in the bathroom to capture the genital area of someone standing at the sink, to show that he attempted to sexually exploit the girls. Id. at 502; see also, United States v. Sims, 708 F.3d 832, 835 (6th Cir. 2013) (holding that to convict the defendant of attempted production of child pornography, the government need not prove the videos were actually lascivious, just that he "specifically intended to obtain a lascivious image when he stood outside [the victim]'s bedroom window with a video camera").

In this case, the table below details the specific images depicted in each of the videos forming the basis of the Defendant's especially aggravated sexual exploitation of a minor convictions.

| EXHIBIT/COUNTS/ DURATION OF VIDEO | TYPE OF NUDITY | DURATION OF NUDITY |
| --- | --- | --- |
| Exhibit 16 Counts 1-2 22 minutes and 57 seconds | Victim in bathroom to take a shower; bra intermittently obstructs view of camera. | 16 seconds fully exposed breast; nude with back to camera before entering shower; full view of breast for 10 seconds intermittently while victim puts on bra. |
| Exhibit 17 | Victim in bedroom and | 5 seconds of victim's |

3

| Counts 3-4<br>4 minutes 29 seconds | removes top and bottom. | buttocks; partial breast then full breast for 2 seconds. |
|---|---|---|
| Exhibit 18<br>Counts 5-6<br>15 minutes 5 seconds | Victim in bathroom and undresses to take a shower. | 10 seconds fully exposed breasts; intermittent nudity alternating front and back views to the camera for 20 seconds until shower; after shower 2 seconds full nudity; intermittent 10 seconds partial breasts. |
| Exhibit 19<br>Counts 7 (attempt) Counts 8 & 9 (observation w/o consent)<br>5 minute 35 seconds | Apparently showing the victim's bedroom; initially, dark images are barely visible; victims are dressed in swimsuits; they change into shorts but are either covered while doing so or out of the camera's view. | No nudity shown in this video. |
| Exhibit 20<br>Counts 10-12<br>10 minutes 23 seconds | Victim's bedroom. Showing both victims apparently in swimsuits or underwear; they change clothes but out of view of camera. | No nudity shown in this video. |
| Exhibit 21<br>Counts 13-14<br>8 minutes 22 seconds | Victim is in the bathroom and undresses to take a shower. | 33 seconds of fully exposed breasts; 15 seconds nude with back to camera and intermittent nudity. |
| Exhibit 22<br>Counts 15-16<br>11 minutes 54 seconds | Victim in bathroom and undresses to take a shower. | 1 second nude with back to camera; 2 seconds full front breasts; intermittent nudity for 20 seconds while victim drapes/drys herself with towel; 7 seconds breast fully exposed. |

| Exhibit 23<br>Count 17 (att. Observ. w/o consent)<br>10 minutes 54 seconds | Nothing on video except Defendant apparently in victim's bedroom arranging camera. | No nudity depicted. |
|---|---|---|
| Exhibit 25<br>Counts 18-19<br>14 minutes 52 seconds | Victim in bathroom to take a shower; undresses with underwear on and back to camera for 36 seconds; gets into and out of shower; video wherein victim stands on stool or bathtub after shower; intermittently elevated. | Prior to shower partial breast is depicted for 12 seconds; after shower side view of naked body and back of victim for 14 seconds then covered by towel; 2 second side views of breasts; 20 seconds of intermittent full nudity. |
| Exhibit 29<br>Counts 20-21<br>7 minutes 20 seconds | Victim in bedroom; has back to camera; appears to put on bra without showing breast. | 3 seconds of victim's bare buttocks; no other nudity in remainder of video. |

In this case, there is simply nothing lascivious or lewd about the conduct depicted in the videos. See Rhoden, 863 F. Supp. at 618 ("[T]he term 'lewd' is no different than the term 'lascivious' for the purposes of evaluating child pornography.") (citations omitted). Although the victims appear naked at various times as outlined above, they are not engaged in any "sexual activity" as proscribed by the statute. The videos depicted the victims undressing in a bedroom or naked before/after taking a shower. They were partially or fully nude at various times during the process of changing their clothes. The victims were not in a sexually suggestive location nor engaged in sexually suggestive behavior. Their nudity was not inappropriate for the setting, and they were not posing in any particular way. In my view, concluding that the images depicted in the video were lascivious renders the word meaningless because the victims were engaged in everyday, ordinary behavior. Simply put, I believe that the lascivious depiction of the victims' breasts, genitalia, or buttocks requires more than mere nudity, which is precisely the case here.

In concluding that the images depicted in the videos are lascivious, the majority relied upon Dost factors 1, 4, & 6. There is no question that Dost factor 4 applies because full or partial nudity is shown in every video, except in exhibits 19 & 20. However, as agreed by all, nudity alone does not support a finding of lasciviousness. Dost factor 1, whether the focal point of the visual depiction is on the child's genitalia or pubic area, in my view, does not apply. The video reveals brief moments of the victims' naked bodies without any

5

emphasis on their pubic region or genitalia. This weighs against a finding of lasciviousness. The majority places significance on the fact that the Defendant changed the position of the camera to capture the images of the victim's breast and genitalia. It must be pointed out that in the first video from the bathroom, the Defendant was unsuccessful in obtaining any view of the victim's breast or genitalia. While it is clear that the Defendant changed the position of the camera in an attempt to capture more of the victim's naked body, the video remained without a focal point, and there was no emphasis on the victim's pubic area/breasts in the way this factor has traditionally been applied.

Dost factor 6, whether the visual depiction is intended or designed to elicit a sexual response in the viewer, was applied subjectively by the majority. Under the subjective view, it could be argued that in light of other evidence, the images depicted in the videos were intended to elicit a sexual response in the viewer, the Defendant. However, such a broad holding would make every photograph taken by a pedophile constitute the offense of especially aggravated sexual exploitation of a minor, regardless of the innocuous character of the photograph. As in Vanderwal, it seems clear that the Defendant was attempting to create lascivious videos. However, the Defendant fell short of completing the offense of especially aggravated sexual exploitation of a minor because the images in the video do not depict the lascivious exhibition of the minor's breasts, genitalia, or pubic area as required by law. Because I would consider contextual evidence only to determine the Defendant's intent to create the video rather than whether the video image is itself lascivious, I would reduce all of the Defendant's convictions except Counts 7 and 10 to attempted especially aggravated sexual exploitation of a minor based on his realignment of the camera to better capture the victim's genitalia as well as his statement that he had been molested as a child when he was confronted by his wife with the videos. I would reverse and dismiss Counts 7 and 10 because those videos did not depict any nudity.

Accordingly, I would reverse and dismiss Counts 7 and 10. I would reduce all remaining counts from especially aggravated sexual exploitation of a minor to attempted especially aggravated sexual exploitation of a minor and remand this matter to the trial court for resentencing.

_____
CAMILLE R. MCMULLEN, JUDGE