RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 19a0185p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

CHRISTINA CARMAN,

*Defendant-Appellant*.

No. 17-5074

Appeal from the United States District Court
for the Eastern District of Kentucky at Ashland.
No. 0:14-cr-00020-2—David L. Bunning, District Judge.

Argued:  May 3, 2018

Decided and Filed:  August 6, 2019

Before:  SUHRHEINRICH, GIBBONS, and KETHLEDGE, Circuit Judges.

_____

## COUNSEL

**ARGUED:**  Nicole S. Elver, DRESSMAN BENZINGER LAVELLE PSC, Louisville, Kentucky, for Appellant.  John M. Pellettieri, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.  **ON BRIEF:**  Nicole S. Elver, Kent Wicker, DRESSMAN BENZINGER LAVELLE PSC, Louisville, Kentucky, for Appellant.  John M. Pellettieri, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., Laura K. Voorhees, UNITED STATES ATTORNEY'S OFFICE, Lexington, Kentucky, for Appellee.

_____

## OPINION

_____

KETHLEDGE, Circuit Judge.  Subject to very few exceptions, the filing of a notice of appeal shifts from the district court to the court of appeals adjudicatory authority over any aspect

of the case—here, Christina Carman's conviction and sentence—involved in the appeal. Yet here—more than four months after the district court had entered its criminal judgment, and nearly as long after Carman had appealed—the district court purported to amend her sentence by entering a $17.5 million forfeiture order. By then the district court had lost authority to enter that order (though not for the reasons Carman says). We therefore vacate the order.

In 2014, Carman was indicted with three co-defendants for her involvement in a years-long conspiracy to sell untaxed cigarettes on a massive scale. *See United States v. Maddux*, 917 F.3d 437 (6th Cir. 2019). The indictment stated that the government would seek both the forfeiture of various items of property and a money judgment in the amount of $45 million, representing alleged proceeds of the conspiracy. On January 27, 2016, a jury convicted Carman (along with two of her co-defendants; one had pled guilty) of conspiracy to commit mail and wire fraud. The district court held a forfeiture hearing the next day. *See generally* Fed. R. Crim. P. 32.2(b)(1). At the hearing, the government stated that the only items of property it sought from Carman were two Cadillac Escalades, which she agreed to forfeit. That left the question of a money judgment, which the parties agreed to submit on briefs. Accordingly, the government later moved for a preliminary order of forfeiture, *see generally* Fed. R. Crim. P. 32.2(b)(2), requesting a money judgment against Carman of about $35 million. Carman responded in opposition. By April 2016 the matter was fully briefed.

There matters stood until August 30, 2016, when the district court sentenced Carman and each of her co-defendants. The district court sentenced Carman to 60 months' imprisonment without ruling upon the government's motion for a money judgment or otherwise mentioning a forfeiture order. (The district court later stated during a different defendant's sentencing hearing—which is to say, a hearing not relevant here—that it would "take up later" the issue of "any money judgments[.]" R. 623 at 7339.). Nor did the government ask for such an order during Carman's hearing. The very next day—August 31, 2016—the district court entered its criminal judgment in Carman's case. (That judgment included a cryptic reference to the forfeiture of *in rem* property, but the government does not dispute that the reference was a clerical error.) On September 6, 2016, Carman filed a notice of appeal as to that judgment.

Our court thereafter set a briefing schedule, pursuant to which Carman filed her opening brief on January 3, 2017.

Two weeks later—and more than four months after Carman appealed her conviction and sentence to this court—the district court entered a forfeiture order against Carman in the amount of approximately $17.5 million. Carman then filed a notice of appeal as to that order, which is the appeal before us now.

Carman argues that the district court lacked jurisdiction to enter that order because it was entered in violation of Federal Criminal Rule 32.2. Her argument's premise is correct. In cases where the district court "finds that property is subject to forfeiture," the court must, whenever possible, enter a preliminary order of forfeiture "sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications" before the defendant's sentencing hearing. Fed. R. Crim. P. 32.2(b)(2)(A), (B). Yet no preliminary order was entered here. The district court also "must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing." *Id*. 32.2(b)(4). The preliminary forfeiture order then "becomes final as to the defendant" "[a]t sentencing." *Id.* Yet here the district court made no mention of forfeiture during Carman's sentencing. Instead it entered a forfeiture order more than four months later.

But Carman's conclusion—that on these facts the Criminal Rules had divested the district court of jurisdiction to enter its January 17, 2016 forfeiture order—does not follow. The Supreme Court has repeatedly made clear that deadlines in court rules are "nonjurisdictional[.]" *Nutraceutical Corp. v. Lambert*, 139 S. Ct. 710, 714 (2019); *see also, e.g., Bowles v. Russell*, 551 U.S. 205, 211 (2007) ("[I]t [is] improper for courts to use the term 'jurisdictional' to describe emphatic time prescriptions in rules of court.") (internal quotation marks omitted); *Kontrick v. Ryan*, 540 U.S. 443, 453 (2004) ("It is axiomatic" that court rules "do not create or withdraw federal jurisdiction.") (brackets and internal quotation marks omitted). Deadlines in court rules of course remain enforceable, since they "assure relief to a party properly raising them[.]" *Eberhart v. United States*, 546 U.S. 12, 19 (2005). But they "do not compel the same result if the party forfeits them." *Id.* Carman's only argument here, however, is jurisdictional. And the district court's violations of Rule 32.2 (which, in the court's defense, came in the midst

of a sprawling multi-defendant case) did not themselves deprive the court of jurisdiction to enter the forfeiture order.

But Carman's notice of appeal did nearly the same thing. "Filing a notice of appeal transfers adjudicatory authority from the district court to the court of appeals." *Manrique v. United States*, 137 S. Ct. 1266, 1271 (2017). Specifically, the filing "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam). The district court does retain "limited jurisdiction to take actions in aid of the appeal." *United States v. Sims*, 708 F.3d 832, 834 (6th Cir. 2013) (internal quotation marks omitted). But that class of actions is "narrowly defined," *id.*, and does not include "actions that *alter* the case on appeal." *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1013 (6th Cir. 2003) (emphasis added and internal quotation marks omitted).

Carman's notice of appeal stated that she was appealing the district court's judgment in her criminal case. That judgment included both her conviction and sentence. Upon the filing of her notice of appeal, therefore, adjudicatory authority over "those aspects" of Carman's case— *i.e.*, her conviction and sentence—passed to this court. *Griggs*, 459 U.S. at 58.

A forfeiture order is "part of the [defendant's] sentence in the criminal case[.]" 28 U.S.C. § 2461(c); *see also* Fed. R. Crim. P. 32.2(b)(4)(B); *Libretti v. United States*, 516 U.S. 29, 38-39 (1995) ("Forfeiture is an element of the sentence[.]"). The issue of forfeiture thus fell within the "aspects of the case" as to which Carman's notice of appeal transferred adjudicatory authority to this court. *Griggs*, 459 U.S. at 58. And the district court's narrow authority to take "actions in aid of the appeal" did not include the authority to enter a forfeiture order. To the contrary, that order—which "ordered that the Judgment and Commitment Orders for [Carman] be amended," *see* R. 664 at 7721—"alter[ed] the case on appeal" by altering the sentence itself. *See Inland Bulk*, 332 F.3d at 1013 (internal quotation marks omitted). The district court therefore lacked authority to enter its forfeiture order months after Carman had filed her notice of appeal.

A recent case from the First Circuit follows the same analysis. *See United States v. George*, 841 F.3d 55 (1st Cir. 2016). There—"'with the consent of the parties,'" no less—the

district court "deferr[ed] any decision on forfeiture" until after George's sentencing. *Id*. at 70. The court promptly entered its criminal judgment; George filed a notice of appeal the next day. *Id.* Almost two months later, the district court entered a forfeiture order. *See id.* The First Circuit held *sua sponte* that the district court lacked authority to do so. *Id.* at 70-71. The court observed that "shared jurisdiction almost always portends a potential for conflict and confusion"; that "a docketed notice of appeal suspends the sentencing court's power to modify a defendant's sentence"; and that "[t]his proscription extended to the court's attempt to introduce into the judgment, for the first time, a forfeiture order." *Id*. at 71 (internal quotation marks omitted). All of that reasoning applies here.

The government argues that we should simply disregard the district court's lack of adjudicatory authority to enter the January 17, 2017 forfeiture order, asserting that vacatur of that order would result in mere "paper shuffling"—in the form of re-entry of the same order on remand. But the government nowhere explains how the Criminal Rules would permit entry of that order over Carman's objection, after her sentence was not only imposed in the district court but affirmed on appeal. Nor do we see any basis to disregard—on what the government calls "pragmatic" grounds, or otherwise—the Supreme Court's decisions making clear that the district court lacked authority to enter the forfeiture order. *See Griggs*, 459 U.S. at 58; *Manrique*, 137 S. Ct. at 1271. Hence we have no basis to uphold the order before us now.

It remains only to note that, even though the district court lacked authority to enter its forfeiture order, we have jurisdiction over this appeal. *See* 18 U.S.C. § 3742(a)(1) (authorizing review of a sentence "imposed in violation of law").

\*     \*     \*

We vacate the district court's January 17, 2017 forfeiture order as applied to Carman, and remand the case for further proceedings consistent with this opinion.