In the

# United States Court of Appeals
## For the Seventh Circuit

No. 22-2424

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

CHARLES SKAGGS, JR.,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:17-cr-00168-SEB-MJD — **Sarah Evans Barker**, *Judge.*

SUBMITTED AUGUST 16, 2023[*] — DECIDED AUGUST 23, 2023

Before WOOD, BRENNAN, and LEE, *Circuit Judges.*

PER CURIAM. Charles Skaggs was convicted in 2020 of producing and possessing child pornography. As part of his sentence, the district court included a broadly worded forfeiture

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. Fed. R. App. P. 34(a)(2)(C).

order in the final judgment. Two and a half years later, well outside the 14-day period imposed by Federal Rule of Criminal Procedure 35(a) for correcting a sentence, the government filed a motion asking the court to enter a "preliminary" order of forfeiture itemizing the specific property involved. The court acceded to the government's request and entered a preliminary forfeiture order. But any forfeiture ordered at sentencing is part of the final judgment, and the district court lacked the authority to amend that judgment years after its entry. We vacate the preliminary order of forfeiture, thereby leaving the original judgment in force.

**I**

Skaggs made surreptitious recordings of his then-teenage daughter showering. He stored these videos and other child pornography on several pieces of computer hardware. The government charged him in 2017 in a multicount indictment for sexually exploiting a child (here, producing child pornography), see 18 U.S.C. § 2251(a), (e), possessing child pornography, see *id.* §§ 2252(a)(4)(B), 2252A(a)(5)(B), and concealing evidence, see *id.* § 1519. The indictment included notice that the government intended to seek forfeiture of Skaggs's property that law enforcement had seized during the investigation. Skaggs proceeded *pro se* with the assistance of standby counsel. The district court held a bench trial in 2019 and found him guilty on all counts.

In the five months between the verdict and the sentencing hearing in January 2020, the matter of forfeiture was at best an afterthought. During this time, the government did not move for, nor did the court enter, a preliminary order of forfeiture. See Fed. R. Crim. P. 32.2(b). At the hearing, forfeiture did not take up even a full page of the transcript: Skaggs

broached the subject and objected to forfeiture on the ground that some of the property sought by the government did not relate to his crimes. The court replied that, after sentencing, it would ask the government to itemize the property and then give Skaggs a chance to object. The court proceeded to enter judgment, sentencing Skaggs to life imprisonment. The judgment included a forfeiture provision that merely duplicated language from the notice in the indictment: "The defendant shall forfeit all images of child pornography … and all property seized during the searches of the defendant[], his residence, and [his] laundry room."

Skaggs appealed, and we affirmed his conviction and sentence. See *United States v. Skaggs*, 25 F.4th 494 (7th Cir. 2022), *cert. denied*, 143 S. Ct. 604 (2023). Skaggs's appellate counsel did not raise any forfeiture arguments. Skaggs himself filed a *pro se* brief advancing several arguments (including challenges to the forfeiture), but we declined to address his points because he was represented by counsel. See *id.* at 498 n.1.

In July 2022, nearly 2.5 years after judgment, the government moved in the district court for a "preliminary" order of forfeiture. Four days later, the court entered the requested order, without giving Skaggs the promised chance to object. (Skaggs had tried to object, but the court did not receive the filing until after it had ruled.) Unlike the judgment, which described the forfeited property only in broad terms, the forfeiture order itemized each piece of property that Skaggs had forfeited. Skaggs filed a notice of appeal shortly after the court entered the order.

While Skaggs's appeal was pending, the government filed a notice in the district court stating that it had returned some of the seized property to Skaggs's son. The government says

that it still retains (1) the computer hardware that contained child pornography, (2) the daughter's social security card, and (3) some children's clothing. Skaggs insists that the government retains property beyond the items on this list. The parties agree, however, that whatever property the government has, it was all seized from Skaggs's person or residence.

## II

On appeal, Skaggs argues that the district court failed to follow Federal Rule of Criminal Procedure 32.2. Under that rule, a district court normally must determine what is forfeitable and enter the preliminary order *before* sentencing; then at sentencing, the court must include what property is forfeited in its oral pronouncement of the sentence. See Fed. R. Crim. P. 32.2(b)(2)(B), (4)(B). Skaggs argues that the district court's deviation from this sequence means the court had no authority to order forfeiture against him.

The government concedes that the district court neither entered a timely preliminary order nor announced at sentencing what property Skaggs would forfeit. It insists, however, that those deadlines are "time-related directives" and thus harmless-error review applies. (A time-related directive is a deadline that is legally enforceable but does not deprive the judge of "the power to take action to which the deadline applies if the deadline is missed." *United States v. Lee*, No. 22-1293, 2023 WL 5086447, at *13 (7th Cir. Aug. 9, 2023) (quoting *Dolan v. United States*, 560 U.S. 605, 611 (2010)).)

Our recent decision in *United States v. Lee*, 2023 WL 5086447, confirms that—if this were a direct appeal—some of the district court's errors would be reversible. We held that the timing of the *preliminary* order of forfeiture is a time-

related directive but that the timing of the oral pronounce-ment of the *final* order of forfeiture is a mandatory-claims pro-cessing rule. See *id.* at *13. In other words, the lack of a pre-liminary order did not deprive the court of the power to enter forfeiture against Skaggs, but, because Skaggs objected, the lack of an oral pronouncement at sentencing did.

But we are not reviewing this case on direct appeal. Had Skaggs raised this challenge on direct appeal, we would con-sider whether the district court violated a time-related di-rective or a mandatory-claims processing rule and thus whether the forfeiture provision of the judgment was lawful. But we have already affirmed the judgment on direct appeal, see *Skaggs*, 25 F.4th 494, and here we are reviewing only the "preliminary" order of forfeiture.

We conclude that the district court did not have the au-thority to enter that order. District courts generally lack the authority to alter a final criminal judgment after sentencing, outside the narrow circumstances and 14-day time limit pro-vided by Federal Rule of Criminal Procedure 35(a). See *Dillon v. United States*, 560 U.S. 817, 824 (2010) (citing 18 U.S.C. § 3582(b)). This limit applies to the entire judgment, including any forfeiture provision. As we explained in *Lee*, when a court announces forfeiture at sentencing, that pronouncement is part of the final judgment. 2023 WL 5086447, at *14; see also Fed. R. Crim. P. 32.2(e)(1) (allowing amendment of for-feiture order for circumstances not applicable here).

In Skaggs's case, the district court attempted to amend its final judgment years after entry: It included a broad forfeiture provision in the final judgment, and more than two years later it entered a "preliminary" order of forfeiture that itemized the property forfeited. In essence, the postjudgment order

amended the judgment by imposing different criminal sanctions on Skaggs. As our sister circuits have recognized, a court may not order additional property forfeited after the judgment is final. See, *e.g.*, *United States v. Maddux*, 37 F.4th 1170, 1173–74, 1182 (6th Cir. 2022) (ordering forfeiture of millions of dollars after entering judgment); *United States v. Shakur*, 691 F.3d 979, 986–87, 989 (8th Cir. 2012) (court did not specify in judgment what property was forfeited and only later listed specific property); *United States v. Petrie*, 302 F.3d 1280, 1283–85 (11th Cir. 2002).

The government points us to several cases in which an appellate court concluded that a district court's failure to conform to Rule 32.2 was not a reversible error. See, *e.g.*, *United States v. Guzman-Cordoba*, 988 F.3d 391, 402–03 (7th Cir. 2021) (on plain-error review, failure to enter preliminary order did not affect substantial rights); *United States v. Dahda*, 852 F.3d 1282, 1296–98 (10th Cir. 2017) (same), *aff'd on other grounds*, 138 S. Ct. 1491 (2018); *United States v. Farias*, 836 F.3d 1315, 1329 (11th Cir. 2016) (harmless error); *United States v. McIntosh*, 58 F.4th 606, 609 (2d Cir.) (concluding Rule 32.2's deadlines are time-related directives), *cert. docketed*, No. 22-7386 (U.S. Apr. 24, 2023).

But we read these cases differently. First, "[t]here is a world of difference between the procedural flaws" in Skaggs's prosecution and those in the government's cited cases. *Lee*, 2023 WL 5086447, at *13. A key inquiry when evaluating a Rule 32.2 violation is whether the proceedings were marred by minor hiccups or a wholesale disregard of the Rule. See *id.* For example, in *McIntosh*, cited by the government, the district court's failure to enter a preliminary order was only a small deviation because the court otherwise "gave the defendant an

opportunity to contest forfeiture, and it included the order of forfeiture in its judgment." *Id.* (citing *McIntosh*, 58 F.4th 606). By contrast, here the government merely included notice in the indictment that it was seeking forfeiture. See Fed. R. Crim. P. 32.2(a). Skaggs otherwise never received a chance to contest forfeiture: The court exchanged only a few words with Skaggs on the matter at his sentencing hearing and later granted the government's motion for a preliminary order without waiting for a written response from Skaggs.

Second, in the cases cited by the government, the district court entered *only* a final forfeiture order or judgment—there was no preliminary order, untimely or otherwise. See *United States v. Guzman-Cordoba*, No. 1:17-CR-00165, 2019 WL 8643770, at *4 (S.D. Ind. Aug. 06, 2019), *aff'd*, 988 F.3d 391 (7th Cir. 2021); *United States v. McIntosh*, No. 11-CR-500 (SHS), 2017 WL 3396429, at *1 (S.D.N.Y. Aug. 8, 2017), *aff'd in part*, 58 F.4th 606 (2d Cir. 2023); *Dahda*, 852 F.3d at 1296–97; *Farias*, 836 F.3d at 1323. Forfeiture was the subject of only a single court document; here, we have both the final judgment, broad though its language may be, and the "preliminary" order. This brings us back to our earlier point that the district court functionally amended its judgment with the belated preliminary order because the two documents impose different punishments.

We conclude with two additional points. First, because we are vacating the preliminary order of forfeiture, the district court's final judgment remains in effect. This judgment included a broad forfeiture provision that seems to cover the property still retained by the government: "The defendant shall forfeit all images of child pornography … and all property seized during the searches of the defendant[], his

residence, and [his] laundry room." (We acknowledge that the parties disagree over what specific property the government still has in its possession, and the record is not developed on this point.)

Second, Skaggs would like to advance several challenges to the forfeiture provision in the underlying judgment (*e.g.*, he says that some property included in the judgment lacks a required "nexus" to his crimes, and he complains that the district court failed to pronounce forfeiture orally at sentencing). But these arguments would be properly before us only if we were reviewing the underlying final judgment, as opposed to the postjudgment preliminary order of forfeiture. Skaggs may not now challenge the forfeiture provision of the final judgment, because forfeiture "must be challenged on direct appeal or not at all." *Young v. United States*, 489 F.3d 313, 315 (7th Cir. 2007); see Fed. R. Crim. P. 32.2(b)(4). He points out that he tried to advance this argument in a *pro se* submission on direct appeal, and that we refused to address it. We did so because Skaggs was then represented by counsel and we do not permit dual representation. See *United States v. Perryman*, 20 F.4th 1127, 1132 n.2 (7th Cir. 2021), *cert. denied*, 142 S. Ct. 2803 (2022). Skaggs may not use this challenge to the belated preliminary forfeiture order to re-open arguments about his criminal judgment.

We VACATE the district court's preliminary order of forfeiture of July 18, 2022, and reinstate the final judgment of February 10, 2020, as entered by the court.