23-7898-cr
United States v. Norman

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand twenty-four.

PRESENT:  RAYMOND J. LOHIER, JR.,
RICHARD J. SULLIVAN,
MARIA ARAÚJO KAHN,
*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                                      No. 23-7898-cr

JAHAN NORMAN,

*Defendant-Appellant*.

------------------------------------------------------------------

FOR APPELLANT:                    Daniel Habib, Federal
                                  Defenders of New York, Inc.,
                                  New York, NY

FOR APPELLEE:                     Nicholas J. Moscow, Andrés
                                  Palacio, Assistant United
                                  States Attorneys, *for* Breon
                                  Peace, United States Attorney
                                  for the Eastern District of New
                                  York, Brooklyn, NY

Appeal from a judgment of the United States District Court for the Eastern

District of New York (Rachel P. Kovner, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant-Appellant Jahan Norman appeals from the November 27, 2023

judgment of the United States District Court for the Eastern District of New York

(Kovner, *J.*), convicting him, following a guilty plea, of distributing and

possessing with intent to distribute 40 or more grams of fentanyl and 10 or more

grams of a fentanyl analogue, in violation of 21 U.S.C. § 841(a)(1) and

(b)(1)(B)(vi).  The District Court sentenced Norman principally to 100 months'

imprisonment and attached to the judgment a signed preliminary order

authorizing the forfeiture of $119,875.00, the final version of which was entered

three months later.  We assume the parties' familiarity with the underlying facts

2

and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

On appeal, Norman contends that the District Court lacked the authority to order forfeiture at sentencing because it failed to enter a preliminary order of forfeiture before sentencing, as required by Federal Rule of Criminal Procedure 32.2(b)(2)(B). Rule 32.2(b)(2)(B) provides that "[u]nless doing so is impractical, the court must enter the preliminary order [of forfeiture] sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final." Fed. R. Crim. P. 32.2(b)(2)(B). But we have held in *United States v. McIntosh* that the rule "is a time-related directive." 58 F.4th 606, 611 (2d Cir. 2023). Although "legally enforceable," such directives do "not deprive a judge or other public official of the power to take the action to which the deadline applies if the deadline is missed" so long as there is no significant prejudice to the defendant caused by the missed deadline. *Id.* at 609, 611 (quoting *Dolan v. United States*, 560 U.S. 605, 611 (2010)).

In September 2023 the Supreme Court granted the petition for certiorari filed in *McIntosh*. Norman, who does not claim prejudice from the delay caused by the missed deadline in this case, acknowledged that our decision in *McIntosh*

3

would foreclose his argument. He nevertheless understandably sought to preserve his challenge pending the Supreme Court's review and decision in *McIntosh*.

The Supreme Court has now affirmed our decision in *McIntosh*. *See McIntosh v. United States*, 601 U.S. 330 (2024). It held that "the failure to enter a preliminary order [before sentencing] does not bar a judge from ordering forfeiture at sentencing subject to harmless-error principles on appellate review." *Id.* at 333. That holding squarely forecloses Norman's appeal, which offered no other reason to void entry of the District Court's final forfeiture order. *See id.* at 345.

We have considered Norman's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4